IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL J. BARTOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 3:13-271 |
| v. | ) | |
| | ) | JUDGE KIM R. GIBSON |
| CORPORAL EDWARD THOMAS, | ) | |
| TRI-STAR MOTORS, INC., and | ) | |
| KEVIN B. SERGENT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

I. **Synopsis**

Pending before the Court are Defendant Thomas's motion to dismiss Plaintiff's malicious prosecution claim (ECF No. 16) and Defendants Tri-Star Motors and Sergent's motion to dismiss Plaintiff's malicious use of process claim (ECF No. 12). Both motions contend that Plaintiff's Complaint (ECF No. 1) fails to state a claim for which relief can be granted. Plaintiff opposes the motions. (*See* ECF Nos. 18 and 19). For the reasons explained below, the Court will **GRANT** both motions and will dismiss the Complaint.

II. **Jurisdiction and Venue**

The Court has jurisdiction over the malicious prosecution claim pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. The Court has supplemental jurisdiction over the malicious use of process claim pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b)

because a substantial portion of the events giving rise to the claims occurred in the Western District of Pennsylvania.

III.     **Background**

Plaintiff alleges the following facts in the Complaint, which the Court accepts as true for the disposition of the pending motions. This case stems from an investigation by the Pennsylvania State Police into certain transactions regarding the wholesale of used cars between David Humbert and Plaintiff Michael Bartow. (*See* ECF No. 1, ¶¶ 11 and 13). Defendant Kevin B. Sergent was the President of Tri-Star Motors, Inc., and Humbert was Tri-Star's Used Car Manager. (*Id.* ¶¶ 9 and 13). Plaintiff is the owner of Mike's Car Lot in Latrobe, Pennsylvania. (*Id.* ¶ 10).

On July 14, 2009, Sergent contacted the Pennsylvania State Police to report questionable transactions between Humbert and Plaintiff. (*Id.* ¶ 11). Sergent alleged that Humbert and Plaintiff had an agreement by which Humbert would understate the value of used vehicles and then wholesale them to Plaintiff at a lower price. (*Id.* ¶ 13). Sergent explained that he noticed a discrepancy when he compared the actual cash value (ACV) of the vehicles in question with the prices listed on the wholesale sheets that Humbert prepared. (*Id.* ¶ 16). The ACV reflects the appraised wholesale value of the vehicle as determined by Humbert at the time Tri-Star purchased it. (*Id.* ¶ 17). The wholesale sheets reflect the price of the vehicle at the time Humbert sold it in wholesale. (*Id.* ¶ 18).

Thereafter, Defendant Edward R. Thomas, a Corporal with the Pennsylvania State Police, opened an investigation into the matter. (*Id.* ¶ 23). Based on records provided by Tri-

Star, Thomas determined that Tri-Star "lost approximately eleven thousand one hundred sixty-eight dollars and fifty-five cents ($11,168.55) on one hundred twenty five (125) cars that were sold to Mr. Bartow from October 2006 to December 2007." (*Id.* ¶ 26).

Sergent instructed Thomas to inspect Plaintiff's records to look for further inconsistencies. (*Id.* ¶¶ 32-33). However, Thomas was only able to review Plaintiff's unofficial records during his investigation. (*Id.* ¶ 34). The prices in Plaintiff's unofficial records reflected the purchase price plus necessary repairs, and the records documented only 54 of the transactions. (*Id.* ¶ 35). Thomas subpoenaed financial records from both Plaintiff and Humbert; however, he was not able to identify any instances of money being transferred between the two parties as part of the alleged conspiracy. (*Id.* ¶ 38-39). Thomas submitted a report of his findings to the Somerset District Attorney on March 30, 2010. (*Id.* ¶¶ 40-41). The report stated that Tri-Star had received $700 more for the vehicles than Humbert had asked for them. (*Id.* ¶ 42).

District Justice Arthur Cook "accepted charges of Theft by Deception, Criminal Conspiracy, and Theft by Receiving Stolen Property" against Plaintiff on July 7, 2010, and the case was held over for trial. (*Id.* ¶¶ 43-44). Sergent then filed a claim with his insurance company and received payment for the misappropriated funds. (*Id.* ¶¶ 45-46). All charges against Plaintiff were dismissed on December 12, 2011, "due to the Commonwealth's failure to exercise due diligence in prosecuting the case." (*Id.* ¶ 55).

Plaintiff initiated this lawsuit to seek relief in the form of actual and compensatory damages for "loss of business, damage to reputation, and emotional distress." (*Id.* ¶ 73(a)). Plaintiff asserts a claim for malicious prosecution under 42 U.S.C. § 1983 against Thomas and

3

a claim for malicious use of process against Tri-Star and Sergent under Pennsylvania state law. (*Id.* ¶ 1). The Defendants now move to dismiss Plaintiff's Complaint for failure to state a claim.

IV.     **Standard of Review**

Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or any portion of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Although the federal pleading standard has been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209 (3d Cir. 2009).

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal conclusions asserted. *See Fowler*, 578 F.3d at 210. Second, the court must determine whether the factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint need not include "detailed factual allegations." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id*. at 228 (citing

4

*Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must present sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 263 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has shown a "plausible claim for relief" is a "context specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral or explicitly relied on in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F.3d at 236; *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

**V.      Discussion**

Plaintiff's Complaint contains two counts. In Count One, Plaintiff alleges that Thomas "deprived him of his right to be free from malicious prosecution," and asserts a claim under 42 U.S.C. § 1983. (ECF No. 1, ¶ 1). In Count Two, Plaintiff alleges that Tri-Star and Sergent "engaged in a malicious use of process when they provided false and

5

misleading information to authorities for the purposes of prosecuting Plaintiff," asserting a claim under Pennsylvania state law. (*Id.*).

### A. Count One: Malicious Prosecution

Thomas has moved to dismiss Plaintiff's malicious prosecution claim contained in Count One of the Complaint. In order to succeed on a claim for malicious prosecution under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Kossler v. Crisanti*, 564 F.3d 181, 186-87 (3d Cir. 2009) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). To withstand a motion to dismiss, a plaintiff must sufficiently allege all five elements of his malicious prosecution claim. Thomas concedes that Plaintiff has met the first two elements; however, he contends that Plaintiff has not sufficiently alleged elements three through five. The Court will address only the three contested elements.

#### 1. Probable Cause

Thomas contends that Plaintiff has failed to sufficiently allege facts showing that the criminal charges against him lacked probable cause. Probable cause is an absolute defense against a claim for malicious prosecution. *Prof'l Real Estate Investors v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 63 (1993). "Probable cause is proof of facts and circumstances that would convince a reasonable, honest individual that the suspected person is guilty of a

criminal offense." *Lippay v. Christos*, 996 F.2d 1490, 1502 (3d Cir. 1993). "Probable cause does not depend on the state of the case in point of fact but upon the honest and reasonable belief of the party prosecuting." *Trabal v. Wells Fargo Armored Service Corp.*, 269 F.3d 243, 251 (3d Cir. 2001) (quoting *Martinez v. E.J. Korvette,* 477 F.2d 1014, 1016 (3d Cir. 1973)). Furthermore, "[w]hile not conclusive evidence of the existence of probable cause, a decision of a neutral district justice to hold over Plaintiff for trial on the charges constitutes 'weighty evidence' that [defendant] had probable cause to request issuance of the arrest warrant." *McGowan v. Borough of Ambridge*, No. 02:06-cv-0858, 2008 WL 4200153, at *8 (W.D. Pa. Sept. 5, 2008) (quoting *Tarlecki v. Mercy Fitzgerald Hospital*, No. CIV.A. 01-1347, 2002 WL 1565568, at *3 (E.D. Pa. July 15, 2002)). Plaintiff concedes that, after hearing testimony, District Judge Cook "accepted charges of Theft by Deception, Criminal Conspiracy, and Theft by Receiving Stolen Property against [Plaintiff]" and held the case over for trial. (ECF No. 1, ¶ 44). This is certainly "weighty evidence" that Thomas acted with probable cause.

Nevertheless, Plaintiff alleges in his Complaint, "Defendant Thomas knew or should have known that the totality of the circumstances did not present probable cause." (ECF No. 1, ¶ 70). Plaintiff alleges that, in reviewing Plaintiff's records, Thomas failed to consider that the discrepancy in the records was due to the fact that the numbers reflected the purchase price plus necessary repairs. (*Id.* ¶¶ 63-64). However, Plaintiff's unofficial records were not the only records Thomas used in the investigation—he also subpoenaed financial records from Humbert and Plaintiff. (*Id.* ¶ 38). Thomas also reviewed records from Tri-Star. (*Id.* ¶ 24). Thus, he did not initiate criminal proceedings solely on the suggestion of Sergent or even on his own initial search of Plaintiff's unofficial records. Instead, Thomas compiled

7

information from multiple sources and formed a reasonable belief in light of the circumstances that Plaintiff committed a crime.

In the criminal complaint (ECF No. 17-2 at 3), Thomas outlined in detail the reasons for the filing of the complaint using specific dollar amounts and names.[1] Also, in the Affidavit of Probable Cause, Thomas again described in detail what he believed to be happening between Plaintiff and Humbert. (ECF No. 17-2 at 5). The Affidavit was signed by both Thomas and the District Magistrate Judge.[2] (*Id.*).

Plaintiff has not met his burden here. Construing the allegations in a light most favorable to Plaintiff, the Complaint does not contain sufficient facts to plausibly establish that Thomas initiated the proceedings without probable cause. To the contrary, the criminal docket attached to Thomas's motion shows that he acted with probable cause. While this alone is a sufficient ground to dismiss the malicious prosecution claim, the Court will nevertheless discuss the remaining elements of the claim.

---

[1] In deciding a motion to dismiss for failure to state a claim, a court may consider "the complaint, documents attached to the complaint, undisputed documents alleged or referenced in the complaint, and public records." *Bellas v. CBS, Inc.*, 73 F. Supp. 2d 493, 496 (W.D. Pa. 1999) (citing *Ferrara v. Superintendent, New York State Police*, 26 F. Supp. 2d 410, 412 (N.D.N.Y. 1998). Thomas attached three documents to his motion from the state court criminal docket: (1) Magistrate Court Criminal Docket (ECF No. 17-1); (2) the Criminal Complaint and Affidavit of probable cause (ECF No. 17-2); and (3) Common Pleas Court Criminal Docket (ECF No. 17-3). Plaintiff approvingly cites these records in his brief in response. Thus, the Court will consider the exhibits presented by Thomas in deciding this issue.

[2] "The Supreme Court has held that there is 'a presumption of validity with respect to the affidavit supporting [a] search warrant.'" *Edwards v. Kelly*, 136 F. App'x. 468, 470 (3d Cir. 2005) (quoting *Franks v. Delaware*, 438 U.S. 154, 171 (1978)).

### 2. Malice

Thomas also contends that Plaintiff has failed to sufficiently allege facts showing that Thomas acted maliciously. The Third Circuit has defined malice as "ill will in the sense of spite . . . or its use for an extraneous improper purpose." *Lippay*, 996 F.2d at 1502 (citing *Lee v. Mihalich*, 847 F.2d 66, 70 (3d Cir. 1988)). The malice requirement will not be satisfied with conclusory allegations of malice. *Felker v. Christine*, 796 F. Supp. 135, 142 (M.D. Pa. 1992) (citing *Lee*, 847 F.2d at 70). Further, a failure to show a lack of probable cause "also precludes a finding of malice." *Chizmar v. Borough of Trafford*, 454 F. App'x 100, 106 (3d Cir. 2011) (citing *Strickland v. Univ. of Scranton*, 700 A.2d 979, 984 (Pa. Super. 1997)).

Here, as explained above, Plaintiff failed to plausibly establish facts showing Thomas lacked probable cause. Therefore, Plaintiff cannot show malice. Furthermore, Plaintiff does not allege "spite," "ill will," or an "improper purpose" regarding Thomas anywhere in his Complaint. Plaintiff only alleges that some prior relationship or conspiracy existed between Thomas and Sergent, which he asserts is evidenced by the fact that Thomas prepared his report on Tri-State letterhead. (ECF No. 1, ¶ 67). Nevertheless, this fact alone is not enough to meet the malice requirement. *See Lippay v. Christos*, 996 F.2d at 1502. Plaintiff simply has not alleged facts showing a relationship between Sergent and Thomas from which a conspiracy could be inferred.

Construing the allegations in a light most favorable to Plaintiff, the Complaint does not contain sufficient facts to plausibly establish that Thomas acted with malice.

### 3. Deprivation of Liberty

Finally, a plaintiff bringing a claim for malicious prosecution under 42 U.S.C. § 1983 must allege a deprivation of liberty. *Kossler*, 564 F.3d at 186. Specifically, a plaintiff must show "deprivation of liberty consistent with the concept of seizure" as a consequence of a legal proceeding. *Gallo v. City of Philadelphia*, 161 F.3d 217, 222 (3d Cir. 1998). "The type of constitutional injury the Fourth Amendment is intended to redress is the deprivation of liberty accompanying prosecution, not prosecution itself." *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005). Generally, arrest alone is not enough to constitute a seizure. *See Basile v. Township of Smith*, 752 F. Supp. 2d 643, 660 (W.D. Pa. 2010). The test for determining whether there was a deprivation of liberty in a malicious prosecution case is, "[w]hen the state places constitutionally significant restrictions on a person's freedom of movement for the purpose of obtaining his presence at a judicial proceeding, that person has been seized within the meaning of the Fourth Amendment." *Schneyder v. Smith*, 653 F.3d 313, 321-22 (3d Cir. 2011).

In *Gallo*, the Third Circuit found that the plaintiff had suffered a deprivation of liberty where his freedom of movement was not only restricted by his initial arrest, but also by requiring a weekly pretrial services check-in, posting a $10,000 bail, and restrictions on out-of-state travel. 161 F.3d at 222. The deprivation of liberty in *Gallo*, however, was a "close question." *Gallo*, 161 F.3d at 222. On the other hand, in *DiBella v. Borough of Beachwood*, the plaintiffs were never arrested, were not required to post bail, and were free to travel; the only restriction was the requirement to attend court proceedings. 407 F.3d at 603. Thus, because plaintiffs' freedom of movement was not restricted, they did not suffer a deprivation of

10

liberty. *See id*. Finally, in *Bernard v. Washington*, this Court found that the plaintiff did not suffer a deprivation of liberty when she was arrested, released on her own recognizance, required to notify the court and bail authority if she changed her address, and had to attend court proceedings because these restrictions were not a constitutionally significant restriction of the plaintiff's freedom and did not constitute a seizure. 465 F. Supp. 2d 461, 469 (W.D. Pa. 2006).

Here, Plaintiff has failed to allege a deprivation of liberty. Notably, the Complaint does not even allege that Plaintiff was arrested. Instead Plaintiff relies on the criminal docket filed by Thomas as an exhibit to allege that he was arrested. Even assuming that Plaintiff was arrested, the criminal docket shows that he was released on his own recognizance, and he was not required to report to pre-trial services or subject to any travel restrictions. Plaintiff was simply required to attend court proceedings, and the law is clear that, "[a]ttending one's trial is not a government 'seizure' in a 42 U.S.C. § 1983 malicious prosecution action for violation of the Fourth Amendment." *DiBella*, 407 F.3d at 603. Here, as in *Bernard*, Plaintiff's experience does not amount to a deprivation of liberty because his freedom of movement was not significantly restricted. Even if Plaintiff was arrested, his arrest alone is not enough to constitute a seizure. *See Basile*, 752 F. Supp. at 660. Construing the allegations in a light most favorable to Plaintiff, the Complaint does not contain sufficient facts to plausibly establish that Plaintiff suffered a deprivation of liberty. Further, because the magistrate court's criminal docket shows that Plaintiff did not suffer a deprivation of liberty, amendment would be futile and this claim will be dismissed with prejudice.

### 4. Conclusion

The Court will grant Thomas's motion to dismiss because Plaintiff has failed to plausibly establish that the proceedings against him were initiated without probable cause, that Thomas acted maliciously, and that there was a deprivation of liberty.

### B. Count Two: Malicious Use of Process

In addition to the federal malicious prosecution claim, Plaintiff has brought a state law malicious use of process claim against Tri-Star and Sergent. However, a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). "There is no bright line rule for determining whether a supplemental state law claim should be dismissed when the federal law claims have been eliminated before trial. The Supreme Court has made clear, however, that the balance of factors, *i.e.*, judicial economy, convenience, fairness, and comity, 'will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Resnick v. Lower Burrell Police Dept.*, No. 09-893, 2010 WL 88816, at *3 (W.D. Pa. Jan. 8, 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *see also Thornton v. City of Pittsburgh*, 777 F. Supp. 2d 946, 955 (W.D. Pa. 2011).

Thus, having considered the relevant factors, the Court will decline to exercise supplemental jurisdiction over Count Two of Plaintiff's Complaint, which alleges a state law claim. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *King v. County of Gloucester*, No. 07–3954, 2008

WL 5158744, at *6 (3d Cir. Dec. 10, 2008) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.") (quoting *Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 583 (6th Cir. 2007)).

## VI. Conclusion

For the reasons stated above, the Court will **GRANT** both Thomas's and Tri-Star and Sergent's motions to dismiss. Because the Court has dismissed Count One, it will decline to exercise supplemental jurisdiction over Count Two. Furthermore, because Plaintiff is unable to cure the deficiencies of Count One in his Complaint, amendment is futile. Accordingly, Count One of the Complaint will be dismissed with prejudice. Count Two, however, is dismissed without prejudice.[3]

An appropriate order follows.

---

[3] "Where the district court declines to exercise supplemental jurisdiction, the proper course is for the court to dismiss the state law claims, without prejudice." *Resnick*, 2010 WL 88816, at *3. Plaintiff may reinstate the malicious prosecution claim in state court. 28 U.S.C. § 1367(c)(3) and (d); *see, e.g.*, *Albrecht v. Corr. Med. Servs.*, CIV.A. 06-2772MLC, 2009 WL 1834320, at *8 (D.N.J. June 25, 2009) (emphasizing that a court may decline to exercise supplemental jurisdiction over a state law claim if the original jurisdiction claim is dismissed, tolling the limitations period for the state law claim to be brought in state court).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MICHAEL J. BARTOW, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CIVIL ACTION NO. 3:13-271 |
| v. | ) |  |
|  | ) | JUDGE KIM R. GIBSON |
| CORPORAL EDWARD THOMAS, | ) |  |
| TRI-STAR MOTORS, INC., and | ) |  |
| KEVIN B. SERGENT, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

AND NOW, this **2ND** day of July, 2014, for the reasons explained in the foregoing Memorandum, **IT IS HEREBY ORDERED** that Defendant Corporal Edward Thomas's motion to dismiss (ECF No. 16) Count One of Plaintiff's Complaint is **GRANTED** and Count One is dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendants Tri-Star Motors, Inc. and Kevin B. Sergent's motion to dismiss (ECF No. 12) Count Two of Plaintiff's Complaint is **GRANTED** and Count Two is dismissed without prejudice.

**IT IS FINALLY ORDERED** that the Clerk of Court is directed to mark this case closed.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE